**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| CHAMBERS OF | MARTIN LUTHER KING COURTHOUSE |
|---|---|
| **MICHAEL A. SHIPP** | 50 WALNUT ST.  ROOM 2042 |
| UNITED STATES MAGISTRATE JUDGE | NEWARK, NJ 07102 |
| | 973-645-3827 |

Not for Publication

LETTER OPINION AND ORDER

October 26, 2010

**VIA CM/ECF**
All counsel of record

        Re:    Electric Insurance Co. v. Electrolux North America, Inc.
               09-cv-3792 (FSH)(MAS)

Dear Counsel:

       This matter comes before the Court by way of Defendant Electrolux North America's ("Electrolux" or "Defendant") application to compel production of certain e-mail messages among Electric Insurance Company ("EIC" or "Plaintiff") employees and counsel regarding a dryer fire incident. (Doc. No. 32.) Defendant e-filed the e-mail messages at issue under seal for the Court's review. (*Id.*) Plaintiff opposes Electrolux's request, arguing that the e-mail messages are protected by the attorney-client privilege. (Doc. No. 33.) At the Court's request, Plaintiff submitted a supplemental certification that provided the title and position of each sender and recipient of the subject e-mail messages. (Doc. No. 60.) In response, Defendant filed a request to strike, arguing that legal arguments and extended factual allegations contained in the certifications went beyond the Court's request and amounted to an unauthorized sur-reply under Local Rule 7.1(d)(6). (Doc. No. 61.)

       The attorney-client privilege is designed to encourage "full and frank communication between attorneys and their clients." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

However, "[w]here a lawyer provides non-legal business advice, the communication is not privileged." *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 231 (3d Cir. 2007) (citing 8 J. Wigmore, Evidence § 2303 (McNaughton rev. 1961)). The attorney-client privilege applies only where (1) a communication is made by or to an attorney, (2) who is acting as a lawyer with respect to the communication, and (3) the communication was made for the purpose of primarily securing an opinion of law, legal services or assistance in a legal proceeding. *See In re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979).

The Court reviewed each of the disputed e-mail messages and finds that most of the subject e-mail messages consist of non-legal business advice that is characteristic of the day-to-day claims investigation that any insurance company must conduct. Such communications are not legitimately protected by the attorney-client privilege as the communications would have been made in the absence of pending litigation. Therefore, the Court finds that the following e-mail messages are not privileged:

| Date | Time | From | To | CC | Subject |
|---|---|---|---|---|---|
| 1/20/09 | 10:42 AM | S. Silva | M. Leventhal | | FW: EIC as subrogee of Beringer |
| 1/20/09 | 10:48 AM | T. Shevlin | S. Levin; B. Lessard; S. Silva | M. Leventhal | RE: EIC as subrogee of Beringer |
| 1/20/09 | 10:49 AM | S. Levin | B. Lessard | M. Leventhal; S. Silva; T. Shevlin | RE: EIC as subrogee of Beringer |
| 1/20/09 | 10:54 AM | B. Lessard | S. Levin | M. Leventhal; S. Silva; T. Shevlin | RE: EIC as subrogee of Beringer |
| 1/26/09 | 3:48 PM | S. Levin | M. Leventhal | | CMS Plus Claim: Beringer, Steven, M 20090115044 |
| 1/27/09 | 9:56 AM | S. Levin | M. Hegarty | T. Shevlin; L. Pierce; B. Lessard; M. Leventhal | RE: CMS Plus Claim: Beringer, Steven, M 20090115044 |
| 1/27/09 | 2:57 PM | S. Levin | M. Leventhal | | RE: CMS Plus Claim: Beringer, Steven, M 20090115044 |

However, the Court finds that several of the subject e-mail messages go beyond day-to-day claims investigation, reflect consideration of legal issues by counsel, and meet each prong of the *In re Grand Jury Investigation* test. Specifically, the Court finds that several communications: (1) are made to or by an attorney, (2) who is acting as an attorney with respect to the communication, and (3) the e-mail messages contain opinions of law and/or legal advice. Therefore, the Court finds that the following e-mail messages are privileged:

| Date | Time | From | To | CC | Subject |
|---|---|---|---|---|---|
| 1/28/09 | 8:02 AM | S. Levin | M. Leventhal | T. Shevlin; B. Lessard; D. Nelson | RE: CMS Plus Claim: Beringer, Steven, M 20090115044 |
| 1/28/09 | 9:02 AM | S. Levin | M. Leventhal | | RE: CMS Plus Claim: Beringer, Steven, M 20090115044 |
| 1/28/09 | 8:36 AM | T. Shevlin | M. Leventhal | S. Levin; B. Lessard; D. Nelson | RE: CMS Plus Claim: Beringer, Steven, M 20090115044 |

Finally, the Defendant requests that the Court strike Plaintiff's recent certifications in this matter. Local Rule 7.1(d)(6) forbids the filing of a sur-reply without consent from the Magistrate Judge. The purpose of this rule is two-fold: first, to preserve the Court's time and to ensure expedited resolution of cases; second, to prevent attorneys from engaging in a battle for the last word of any argument. Plaintiff submitted two certifications. The first certification listed the name, title and job description of each participant in the subject e-mail messages and is directly responsive to the Court's request. The second certification was a copy of a previously submitted certification regarding the same e-mail messages and detailed the title and job description of one of the senders. This second certification does not advance any novel legal arguments, present new facts or provide a response to a reply in violation of the rules. Therefore, the Court denies Defendant's request to strike.

For the foregoing reasons and for good cause shown, it is **ORDERED THAT:**

1. Plaintiff must produce unredacted copies of the e-mail messages dated 1/20/09 through 1/27/09 by **10/29/10**.

2. Defendant's Request to Strike Plaintiff's Supplemental Certification is denied.

3. This matter is scheduled for a telephone status conference on **11/1/10** at **2:00 p.m.** Counsel for Plaintiff shall initiate the call to (973) 645-3827. Counsel shall e-file a joint proposed amended scheduling order as an attachment to a letter by **10/29/10**.

s/ Michael A. Shipp  
**MICHAEL A. SHIPP**  
**UNITED STATES MAGISTRATE JUDGE**

4