**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**MICHAEL A. SHIPP**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.   ROOM 2042<br>NEWARK, NJ 07102<br>973-645-3827 |

**Not for Publication**

LETTER OPINION AND ORDER

March 4, 2011

**VIA CM/ECF**
All counsel of record

      Re:    **Electric Insurance Co. v. Electrolux North America, Inc.**
             **09-3792 (FSH) (MAS)**

Dear Counsel:

This matter comes before the Court by way of Plaintiff Electric Insurance Company's ("EIC" or "Plaintiff") application to strike paragraph 7(f) of the July 1, 2010 Protective Order. Defendant Electrolux North America ("Electrolux" or "Defendant") opposes the application. For the reasons set forth below, Plaintiff's application is granted.

**I.**     **BACKGROUND**

The contentious history of this case is well-known to the parties and only the facts relevant to the within application will be set forth herein. On March 3, 2010, the Court entered a Consent Protective Order, which included language that the parties had agreed upon. ("March 3rd Consent Protective Order.") In fact, Defendant submitted the proposed order and accompanying certification to the Court for consideration. Thereafter, on May 10, 2010, the Court conducted oral argument regarding several discovery issues, during which the Court found that Plaintiff was entitled to Electrolux's proprietary product design and claims information based upon the broad parameters of discovery set forth in Rule 26. In light of the Court's findings, Defendant raised its concern that the March 3rd Consent Protective Order does not preclude the use of confidential

information by EIC's experts who work for competitors.  Recognizing Defendant's concern, the Court ordered counsel to revisit the March 3rd Consent Protective Order and to submit an amended order.  As the parties were unable to agree amicably upon how the order should be amended, on July 1, 2010, the Court entered the proposed form of protective order submitted by Electrolux.  ("July 1st Protective Order.")  However, the Court found it prudent to amend the proposed paragraph 7(f) to provide:

> 7. Confidential Information designated as "CONFIDENTIAL" may be disclosed Only to "Qualified Persons," defined as follows:
>
> . . .
>
> (f) At this point in the litigation, Confidential Information shall not be disclosed to any person described in ¶ 7(e) who is currently retained and/or employed by a competitor of Defendant, unless Defendant consents to such disclosure in writing. The Court will set a briefing schedule for this issue upon request of counsel.

(*See id.* at ¶ 7(f).)

Plaintiff did not file a motion for reconsideration and did not appeal the Court's decision.  The discovery process proceeded.  Thereafter, on July 15, 2010, the Court ordered Electrolux to provide complete and responsive answers to a number of interrogatories and requests for production of documents.  ("July 15th Order.")  Defendant appealed certain provisions of the July 15th Order, which was affirmed on September 23, 2010.  The Court subsequently held several status conferences regarding Defendant's production of the discovery and consistently and firmly required Defendant to comply with the discovery orders.  While it did so somewhat belatedly, Defendant nonetheless appeared to make a concerted effort to comply with this Court's discovery orders.  Plaintiff disclosed to Defendant on November 22, 2010 that its expert, Dr. Hoffman, performs work for Electrolux competitors.  After Defendant would not agree to waive section 7(f) of the July 1st Protective Order, Plaintiff's current application ensued.

In support of its application to strike paragraph 7(f) of the July 1st Protective Order, Plaintiff argues that counsel for Electrolux drafted the original March 3rd Consent Protective Order and submitted the required supporting certification pursuant to Local Rule 5.3(b)(2).  Plaintiff further argues that the mechanism set forth in the March 3rd Consent Protective Order ensures that any confidential information is only disseminated to "Qualified Persons" for use in the present lawsuit and, as such, Electrolux is unable to demonstrate that the enhanced protections of the March 3rd Consent Protective Order were necessary.  Certainly, Plaintiff argues, enhancements that restrict Plaintiff's ability to prepare its case are unsupported.  Moreover, Plaintiff notes that Defendant failed to submit the required certification under Local Rule 5.3(b)(2) in support of the July 1st Protective Order, which alone warrants relief.  This is particularly true in light of the fact that, according to Plaintiff, Electrolux's counsel has been aware that Plaintiff was using Dr. Hoffman as an expert and did not object to Dr. Hoffman reviewing confidential information until recently.  According to Plaintiff, Electrolux seeks to preclude the expert Plaintiff retained almost two years ago from reviewing all documents produced in discovery by Electrolux.  Furthermore, Plaintiff argues that certain documents should not be entitled to any judicial protection because they are not confidential or do not otherwise contain proprietary information.

In opposing Plaintiff's application, Electrolux asserts that paragraph 7(f) serves the compelling interest of the preservation of proprietary and sensitive commercial information from individuals who will inevitably disclose it.  Defendant also notes that the provision is narrowly tailored because it has no effect on the ability to share confidential information with experts or consultants who are not currently employed by an Electrolux competitor.

The Court heard oral argument regarding the application on January 6, 2011.  During oral argument, counsel for Plaintiff asserted that "everyone knew" that Dr. Hoffman worked for Electrolux's competitors.  Counsel for Electrolux, on the other hand, vehemently asserted that he

3

was first notified on November 22, 2010 that Dr. Hoffman worked for competitors. The Court permitted counsel to submit supplemental briefs following oral argument. The supplemental briefs, however, were largely devoid of citations to relevant Third Circuit authority.

Plaintiff's supplemental letter brief asserts that Plaintiff has consistently maintained that paragraph 7(f) would present fundamental difficulties in the preparation of its case unless Electrolux would waive the provision for any experts already working on the case. Plaintiff refers to its letter brief of May 10, 2010 for the proposition that Electrolux knew Dr. Hoffman worked for a competitor, which provided:

> The Consent Protective Order remains more than adequate to address Electrolux's concerns, and does not impede the progress of the case or unduly interfere with the work of Plaintiff's experts. Electrolux's proposed modifications serve no legitimate purpose, and constitute an extraordinary and unjustifiable incursion into Plaintiff's use of experts who have already been selected and who have been involved in this matter for over a year.

In the event that the Court denies its request to strike paragraph 7(f) of the Order, Plaintiff requests leave of Court to make an application on short notice to have Electrolux's documents declassified.

In its supplemental brief, Defendant reasserts that, until recently, it was unaware that Dr. Hoffman worked for competitors, as Plaintiff's counsel did not provide that information until November 22, 2010. Defendant references confidential information that it served on Plaintiff between March 4, 2010 and October 29, 2010, noting that Plaintiff failed to disclose Dr. Hoffman's conflict immediately after receipt of the documents.

## II.   DISCUSSION

Upon a finding of good cause, this Court may issue an order protecting a party from harm by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1). *See also Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1112, n.3 (3d Cir. 1986). Good cause is

established by demonstrating that disclosure will cause a clearly defined and serious injury to the party seeking a protective order. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994). When determining whether good cause exists, this Court must undertake a balancing test between "the requesting party's need for information against the injury that might result if uncontrolled disclosure" is granted. *Id.* at 787 (internal quotations and citations omitted).

In the present case, the Court required counsel to submit a revised proposed protective order in light of the broad discovery ordered in connection with all 5.3 cubic foot front loading gas dryers. While allowing for such broad discovery, the Court recognized Defendant's legitimate concern regarding the potential disclosure of confidential information to its competitors. The Court specifically included a provision in paragraph 7(f) that provided counsel with an opportunity to brief the issue, if necessary. Notably, at no point immediately following entry of the July 1st Protective Order did Plaintiff request to brief the issue, even though Plaintiff was in possession of discovery marked "Confidential" by Defendant. While Plaintiff may argue that Defendant "knew all along" that Dr. Hoffman was employed by Electrolux's competitors, the Court finds Plaintiff's reference to the sentence in its May 10, 2010 correspondence insufficient. In light of the Court's clear provision in paragraph 7(f), Plaintiff should have disclosed Dr. Hoffman's status to Defendant and <u>immediately</u> requested the Court's leave to brief the issue. This is especially pertinent in light of the demonstrated inability of counsel to work together to move this case forward smoothly and expeditiously. Instead, Plaintiff failed to notify Defendant of Dr. Hoffman's status until November 22, 2010. The late briefing on this issue has resulted in even further delay of the case.

The Court has considered the submissions of counsel. Plaintiff's moving brief was devoid of any references to relevant Third Circuit case law regarding the issue. While Defendant cited several cases, the Court did not find the cases on point with the present case. The present case involves the disclosure of confidential information to Dr. Hoffman, an expert witness who has been

5

involved in the matter since shortly after the dryer fire. There is no indication that Dr. Hoffmann would inevitably disclose any confidential information, particularly considering that he would be bound by the provisions set forth in the March 3rd Consent Protective Order. Indeed, the briefing failed to demonstrate that the March 3rd Consent Protective Order is inadequate in the present case. While the Court finds itself perplexed and disconcerted regarding Plaintiff's delay in bringing the within application, the Court nevertheless finds good cause to grant said application. When considering and balancing the interests at stake here, the Court finds that to prohibit the disclosure of confidential information to the expert Plaintiff retained years ago would be too highly prejudicial, particularly when considering that a Protective Order is in place to alleviate at least some of Defendant's concerns.

### III. CONCLUSION

For the foregoing reasons and for good cause shown, it is **ORDERED THAT** Plaintiff's application to strike paragraph 7(f) of the July 1st Protective Order is granted.

s/  Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**