**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.   ROOM 2042
NEWARK, NJ 07102
973-645-3827

<u>Not for Publication</u>

**LETTER OPINION AND ORDER**

August 22, 2011

<u>**VIA CM/ECF**</u>
All counsel of record

Re:     **Electric Insurance Co. v. Electrolux North America, Inc.**
        <u>**09-3792 (FSH) (MAS)**</u>

Dear Counsel:

This matter comes before the Court upon a dispute regarding the discoverability of the non-privileged content of litigation files related to certain dryer fires.  Plaintiff Electric Insurance Company ("EIC" or "Plaintiff") asserts that the Court's previous orders covered the production of litigation files.  Defendant Electrolux North America, Inc. ("Electrolux" or "Defendant") strongly contests Plaintiff's position.  For the reasons set forth below, the Court orders Defendant to produce specific, clearly-defined categories of discovery from the litigation files, which were not produced from the claims files.

I.      <u>**Background**</u>

The parties are well-versed in the facts surrounding this matter.  Therefore, the Court will address only those facts relevant to the instant dispute.  According to Plaintiff, the Defendant was ordered to produce:

'[a]ll documents that concern, refer or relate to any other incidents involving fires allegedly caused by 5.7 cubic foot frontload gas dryers manufactured or sold by

Electrolux.'  (Request No. 10.)  Further, Electrolux was ordered to identify all claims, <u>including cases in litigation</u>, involving fires 'allegedly occurring in 5.7 cubic foot frontload gas dryers manufactured or sold' by Electrolux (Interrogatory No. 17), <u>and</u> to produce all documents that concern, refer or relate to those claims and cases.  (Request No. 18.)

(Docket Entry No. ("Doc. No.") 122 ("Pl.'s 5/4/11 Ltr.") 3.)  Therefore, Plaintiff argues, Electrolux cannot argue in good faith that the Court's July 15, 2010 and September 23, 2010 Orders do not require the production of responsive, non-privileged documents contained in Electrolux's litigation files.  (*Id.*)

Defendant disputes Plaintiff's assertion that Electrolux has not produced any documents from its litigation files.  According to Defendant:

Electrolux has turned over all the relevant claim and litigation files associated with the model product at issue.  Moreover, Electrolux has produced copies of the Complaints filed in every lawsuit relating to a 5.7-cubic-foot gas dryer fire (over the past ten years), along with the underlying claims files for all such cases that Electrolux's Risk Group maintained prior to sending [the files] to Litigation. Those claims files contain investigative materials, including expert assessments, inspection reports, photographs, and correspondence among Electrolux and the claimants (or their attorneys).

(Doc. No. 131 ("7/20/11 Joint Ltr.") 5.)  Electrolux argues that "EIC may obtain the 'substantial equivalent' of information contained in Electrolux's [l]itigation [f]iles by simply reviewing the docket sheets for the matters identified by Electrolux and requesting copies of the filings it needs." (Doc. No. 99 ("3/8/11 Ltr.") 6.)  Finally, Electrolux asserts that the burden of locating, identifying and logging the information in the litigation files outweighs any possible benefit to EIC, because most of the information in the litigation files is either protected by the attorney-client privilege or by confidentiality orders entered in those cases.  (*Id.* at 7-8.)

## II.   <u>Legal Standard & Analysis</u>

Under Federal Rule of Civil Procedure 26(b), upon a finding of good cause, a court may order discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the

action.  Notably, Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage.  *Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981).  While relevant information need not be admissible at trial in order to grant disclosure, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence."  *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).  However, under Federal Rule of Civil Procedure 26(b)(2)(C), a court may limit discovery when the burden is likely to outweigh the benefits.  *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).  Specifically, a discovery request may be denied if this Court finds that there exists a likelihood that the resulting benefits would be outweighed by the burden or expenses imposed as a consequence of the discovery after assessing the following factors: (i) the unreasonably cumulative or duplicative effect of the discovery; (ii) whether "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" and (iii) "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C).

While Defendant argues that the Court did not order production of litigation files, a review of this Court's previous Orders does not reveal any such limitation.  Rather, a literal reading of the Court's previous Orders would indicate that litigation files are included in Plaintiff's discovery requests.  In addition, the Court is not persuaded by Electrolux's assertion that Plaintiff can obtain the information from alternative sources, including the various case dockets, because Electrolux did not provide a <u>list</u> of the <u>case names</u> and <u>docket numbers</u> until <u>after</u> March 25, 2011.  Indeed, considerable discovery in the litigation files may not be listed on the various case dockets, and documents from some state court litigations cannot be accessed electronically; thus, the discovery

may only be in Defendant's possession.  It is also clear that Plaintiff cannot obtain certain discovery in the method suggested by Defendant.

Nevertheless, the Court finds it necessary to assess whether any limitations on the discovery are now warranted based on the application of Rule 26(b)(2)(C) considerations.  After carefully considering the discovery that has been produced to date in connection with the Rule 26(b)(2)(C) factors, including the needs of the case and the importance of the discovery in resolving the issues, the Court finds that Plaintiff is entitled to investigative materials, including expert assessments, inspection reports, photographs and correspondence among Electrolux and the claimants (excluding correspondence to/from attorneys, which is protected as attorney-client privilege).  Plaintiff is entitled to this discovery, regardless of whether the information is located in the claims files or the litigation files.  Defendant asserts that it provided such discovery to Plaintiff as part of the claims files.  However, the Court finds that Defendant's assertion that it produced comprehensive claims files to Plaintiff fails, as it does not appear that the claims files were complete.  This was most recently demonstrated by Defendant's correspondence, which was submitted to the Court in conjunction with the Court's *in camera* review of certain e-mail messages.  In connection with the *in camera* review, the Court requested five PDF documents that were attached to certain e-mail messages at issue.  Defendant only produced three of the five, indicating:

> Pursuant to Chamber's [sic] request on Friday, enclosed please find copies of the attachments contained within the 15 privileged documents that remain in dispute.
>
> . . .
>
> All of these documents were previously produced to plaintiffs in the original claims file production.  However, the emails to which they are attached have been withheld on work product grounds as discussed in our previous submissions to the Court.
>
> We are unable to locate the two attachments contained in the emails at Bates No. M20853 and M20855.  These documents were unavailable in the original claims file production.

(Def.'s 8/9/11 Ltr. 1.)

4

Therefore, it appears to the Court that certain relevant discovery may not have been contained in the claims files at all or may have been removed or misplaced.  This is particularly noteworthy as Electrolux provided in the joint proposed final pretrial order that it contemplates filing motions *in limine* to preclude Plaintiff from introducing evidence of other similar incidents based on an assertion that there is insufficient proof to demonstrate substantial similarity with the facts and circumstances of this matter.  This would not be equitable if the discovery is incomplete.

**III.**   **Conclusion**

Based on a careful consideration of the Rule 26(b)(2)(C) factors, and for good cause shown, the Court ORDERS that Defendant must produce the following non-privileged discovery from the litigation files to the extent that the discovery was not previously produced with the claims files: investigative materials, including expert assessments, inspection reports and photographs.  By **August 29, 2011**, the parties shall meet and confer regarding the specific discovery that was not provided with the claims files.[1]  Defendant shall produce the required discovery by **September 16, 2011**.

s/  Michael A. Shipp                                    
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The exact discovery produced from the claims files may not be clear to counsel for Defendant based on the change of counsel late in the case.  Therefore, counsel must meet and confer to ensure that discovery from the litigation files is not duplicative of the discovery from the claims files and that Plaintiff has been provided with the ordered discovery.  The Court has not issued a Report and Recommendation regarding its assessment of Defendant's compliance with its discovery obligations due to certain outstanding discovery-related issues, including the privilege log issue.  However, the Court notes that it has been extremely encouraged by the cooperation between Plaintiff's counsel and Defendant's new counsel.  As the Court stated during the telephone status conference on the record on August 3, 2011, counsel exemplified both the intent and spirit of the meet and confer process by narrowing its privilege disputes from over 200 items to just 15.  The Court is confident that counsel can meet and confer regarding the discovery from Defendant's litigation files and expeditiously bring this remaining discovery issue to conclusion.