**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.   ROOM 2042
NEWARK, NJ 07102
973-645-3827

**Not for Publication**

REPORT AND RECOMMENDATION

May 9, 2012

**VIA CM/ECF**
All counsel of record

    Re:    **Electric Insurance Co. v. Electrolux North America, Inc.**
               **Civil Action No. 09-3792 (FSH)**

Dear Counsel:

This matter comes before the Court for a Report and Recommendation ("R&R") regarding Defendant's compliance with its discovery obligations. For the reasons set forth below, the Undersigned finds that Defendant substantially complied with its discovery obligations after the March 25, 2011 deadline set by the Honorable Faith S. Hochberg, U.S.D.J. ("Judge Hochberg"). In addition, the Undersigned respectfully recommends that the District Court require a Supplemental Affidavit from Defendant and permit Plaintiff to include Defendant's failure to timely provide discovery in its opposition to Defendant's *in limine* motions.

**I.**    **BACKGROUND**

As the Parties are well-versed in the underlying facts of the matter, this Court will address only those facts relevant to the pending application.

This case arises from a January 15, 2009 home fire, which caused extensive damage. (Doc. No. 1 ("Compl.") ¶¶ 12, 15-17.) Early in the matter, Plaintiff filed a motion to compel discovery, including discovery related to other fires that occurred in 5.7 cubic foot front loading gas dryers. On May 10, 2010, the Undersigned heard oral argument on the motion. The Undersigned found that the requested discovery was relevant or likely to lead to the discovery of admissible evidence regarding Plaintiff's claims. Therefore, the Court ordered Electrolux to supplement its discovery responses and required counsel to submit a joint proposed form of Order. After counsel failed to agree on a proposed form of Order, the Court elected to utilize Plaintiff's proposed language. Defendant subsequently requested, and the Court denied, Defendant's request to file a motion for reconsideration. Electrolux then filed an appeal to Judge Hochberg, who affirmed the Undersigned's decision on September 23, 2010.

Electrolux served supplemental discovery responses on October 25, 2010, which Plaintiff alleged were "grossly incomplete and littered with frivolous objections." (Doc. No. 66-1, Plaintiff's Sanctions Motion Moving Brief ("Pl.'s Sanctions Mov. Br.") 8.) Plaintiff requested that the Court strike Electrolux's defenses or award other sanctions consistent with Rule 37. (*Id.* at 14.) On February 25, 2011, Judge Hochberg denied Plaintiff's motion for sanctions. (2/25/11 Ord. 3.) The Order recognized the "repeated delays in the production of documentary evidence" in the case, set a March 25, 2011 deadline for Defendant's compliance with its discovery obligations and provided that the Court would not grant extensions of the deadline. The Order further required the Parties to appear before the Undersigned for a Compliance Hearing and provided that the Undersigned would make a recommendation to Judge Hochberg as to whether the Parties complied with the Orders. Finally, Judge Hochberg's Order instructed the Undersigned to recommend appropriate sanctions in the event of noncompliance. (*Id.*) The

Undersigned scheduled the Compliance Hearing for March 31, 2011 and required pre-hearing submissions.

Defendant substituted counsel in this matter shortly before the due date for its pre-hearing submission.  On March 23, 2011, McCarter & English, LLP entered the firm's appearance on behalf of Defendant.  David R. Kott, Esq. and Edward J. Fanning, Esq. primarily assumed the defense on behalf of the firm.[1]

Plaintiff alleged in its pre-hearing submission that Defendant failed to comply with the Court's Orders.  (Doc. No. 106, Plaintiff's March 29, 2011 Pre-Hearing Submission Letter ("Pl.'s 3/29/11 Ltr." 1).)  Defendant asserted in its pre-hearing submission that "Electrolux has worked diligently to produce the material required under the Court's Orders."  (Doc. No. 105, Defendant's March 28, 2011 Pre-Hearing Submission Letter ("Def.'s 3/28/11 Ltr.").)  Defendant further asserted, "Electrolux has already provided tens of thousands of responsive documents to EIC, including all of the underlying documents that EIC would need to pursue any plausible theory of alleged defect."  (*Id.* at 4.)

During the March 31, 2011 Compliance Hearing, counsel for Plaintiff stated that "a substantial amount of work has been done in compliance with the Court's order."  (Doc. No. 118, March 31, 2011 Transcript ("3/31/11 Tr.") 4:13-15.)  Plaintiff's counsel noted that he received 12,000 to 15,000 pages of documents on March 25, 2011.  (*Id.* at 4:19-21.)  However, Plaintiff asserted that there were still specific areas of noncompliance.  (*Id.* at 4:23-5:1.)  During the Compliance Hearing, counsel for Defendant stated that "a great deal of energy has been expended by all parties, our client, our former counsel, McCarter & English as new counsel for

---

[1] Following the Court's decision on its summary judgment motion, Defendant substituted counsel a second time.  On December 13, 2011, Levine, Staller, Sklar, Chan, Brown & Donnelly, P.A., entered its appearance in the matter.

3

Electrolux, we've spent a lot of time in an earnest effort in order to take care of everything that needs to be taken care of." (*Id.* at 5:9-13.) In addition, Defendant's counsel stated that between March 25, 2011 and March 31, 2011, Defendant produced approximately 350 additional pages of information, including testing documents and a privilege log. (*Id.* at 6:8-15.) The Court also heard from counsel regarding alleged open items and scheduled the hearing to continue on April 11, 2011.

During the April 11, 2011 continuation of the Compliance Hearing, Plaintiff's counsel acknowledged the progress Defendant made with its production, stating, "Well, first of all, I want to thank Mr. Kott and Mr. Fanning for their efforts to in a very short period of time give me a lot of what I had been asking for for -- for a long time." (Doc. No. 119, April 11, 2011 Transcript ("4/11/11 Tr.") 6:3-6.) During the hearing, Defendant's counsel indicated that certain open discovery-related issues had been resolved. Next, Defendant's counsel stated that Defendant supplied Plaintiff's counsel with additional testing records. (*Id.* at 5:2-4.) During the continuation of the Compliance Hearing, the Court heard additional argument from counsel regarding discovery from the litigation files.[2] Finally, counsel provided their positions regarding the pending summary judgment motion. While Defendant's counsel indicated a willingness to withdraw the motion until after completion of the remaining discovery, Plaintiff's counsel asserted that the legal issues within the summary judgment motion were ripe for disposition,

---

[2] On August 22, 2011, the Undersigned ordered Defendant to produce "specific, clearly-defined categories of discovery from the litigation files, which were not produced from the claims files." (Doc. No. 134, August 22, 2011 Letter Opinion and Order ("8/22/11 Ltr. Op.") 1.) Specifically, the Court ordered Defendant to produce investigative materials, including expert assessments, inspection reports and photographs, from the litigation files, to the extent that the discovery was not already produced with the claims files. (*Id.* at 5.)

4

notwithstanding any missing discovery. The Court left the summary judgment motion on the calendar and it has since been decided.

## II.     LEGAL STANDARD AND ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure provides authority for a Court to sanction a party for discovery abuses. Rule 37(b)(2) provides:

> If a party . . . fails to obey an order to provide or permit discovery, . . .the court where the action is pending may issue further just orders. They may include the following:
>
> (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)  striking pleadings in whole or in part;
>
> (iv)   staying further proceedings until the order is obeyed;
>
> (v)    dismissing the action or proceeding in whole or in part;
>
> (vi)   rendering a default judgment against the disobedient party; or
>
> (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The Third Circuit has outlined six factors to be considered on a motion for sanctions: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

5

As an initial matter, the Undersigned acknowledges that the Court ordered broad discovery in the present case. The discovery clearly fell within Rule 26 parameters and was certainly relevant or likely to lead to the discovery of admissible evidence. Nevertheless, it would have required effort on the part of a cooperative client to comply with the Court's orders. Here, Defendant appeared to be uncooperative, and it took the collective effort of three law firms to ensure compliance.

It is also helpful to consider potential sanctions in the context of discovery that had been completed in the matter prior to the March 25, 2011 deadline. Defendant's March 28, 2011 correspondence reflects that the Parties had completed the following discovery:

A joint site inspection;

Two destructive examinations of the product;

The production of design drawings and schematics for various components of the dryer;

The production of documents relating to claims made in connection with the model at issue;

The production of documents relating to claims made in connection with the model family at issue (e.g., the GE model family);

The production of more than 30,000 pages of documents relating to closed claims made in connection with any fire occurring over the past ten years involving any model or family of 5.7 cubic foot gas-powered clothes dryers;

The production of documents regarding construction materials of certain dryer components;

The production of lint-accumulation testing data;

The production of the product labels and literature;

The deposition of the head of Electrolux's risk department;

The deposition of the head of Electrolux's product safety group;

6

      The deposition of Electrolux's 30(b)(6) witness; and

      The submission of seven expert reports (3 Plaintiff/4 Defendant).

(Def.'s 3/28/11 Ltr. 2-3.) As such, the parties completed a significant amount of discovery prior to March 25, 2011.

      In addition, the substitution of counsel played a meaningful role in this matter. Notably, Defendant substituted counsel twice during the course of this case, both times at critical junctures of the litigation. On March 23, 2011, McCarter & English, LLP entered its appearance on behalf of Defendant. David R. Kott, Esq. and Edward J. Fanning, Esq. primarily assumed the defense on behalf of the firm. On December 13, 2011, Levine, Staller, Sklar, Chan, Brown & Donnelly, P.A. entered its appearance in the matter. Glenn Callahan, Esq. primarily assumed the defense on behalf of the firm. Significantly, the substitution of counsel commenced a sea-change in this matter. The Undersigned initially believed that Defendant's conduct could be largely attributed to seeming animosity between Plaintiff's counsel and Defendant's first counsel. But it appears from Defendant's conduct that the client, as opposed to counsel, was primarily responsible for Defendant's dilatory behavior. It is much more likely that it took a change of counsel and the pressure asserted by Defendant's second counsel to convince Defendant that the Court was serious about its Orders and expected Defendant to comply with the Orders. Indeed, the Compliance Hearing and conferences from March 31, 2011 forward reflect Defendant's diligent and concerted efforts to comply with its discovery obligations.

      A careful consideration of the *Poulis* factors reveals that Defendant is solely responsible for its discovery violations. In addition, Defendant's delay has impeded the case from moving forward expeditiously. Plaintiff suffered financially, as counsel was required to consistently raise Defendant's alleged discovery deficiencies with the Court and to attend conferences and

hearings regarding Defendant's failure to comply with its discovery obligations. Due to Defendant's delay, Plaintiff did not have the opportunity to question witnesses about the late-provided discovery during their depositions. However, the prejudice to Plaintiff has been greatly minimized due to the additional time provided to substituted counsel to comply with the Court's Orders. Counsel from McCarter & English worked feverishly to ensure that Defendant served all outstanding discovery which remained at the time the firm assumed responsibility for the case. Counsel from the Levine Staller firm have worked thoughtfully and creatively with Plaintiff to craft compromises to ensure minimal prejudice to Plaintiff. In fact, Plaintiff has not even articulated proposed Rule 37 sanctions at this point of the litigation. Rather, Plaintiff simply seeks a finding from the Undersigned regarding Defendant's compliance with the Court's Orders.

Although late, the Undersigned finds that Defendant has substantially complied with its discovery obligations. The Undersigned finds that an Affidavit from the client is certainly appropriate and the minimum that Defendant should be required to provide based on the facts of this matter. Defendant changed counsel twice in this case, once immediately before a Court-imposed deadline and the second time shortly after the Court's decision on its summary judgment motion. Therefore, the Undersigned finds good cause to recommend that the Court require Defendant to submit an Affidavit which provides that Defendant has served all responsive discovery, including but not limited to testing data.

Recognizing the Third Circuit's preference that cases be decided on the merits, the Undersigned does not recommend that the Court impose specific Rule 37 sanctions at this point of the litigation. Rather, the Undersigned recommends that to the extent Plaintiff claims specific prejudice that cannot be remedied absent Rule 37 sanctions, the Court should permit Plaintiff to

include Defendant's failure to comply with its discovery obligations by the March 25, 2011 deadline in its opposition to Defendant's *in limine* motions.

### III.   CONCLUSION

For the reasons set forth above, the Undersigned finds that Defendant substantially complied with the Court's February 25, 2011 Order after the March 25, 2011 deadline. In addition, the Undersigned recommends the following:

1.   The Court should require Defendant to submit a Supplemental Affidavit which provides that all responsive discovery has been served.

2.   To the extent Plaintiff claims specific prejudice that cannot be remedied absent sanctions, the Court should permit Plaintiff to oppose Defendant's *in limine* motions, in part, on the basis that Defendant failed to comply with the Court's discovery orders by the March 25, 2011 deadline.

s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**